IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRANCE CURTIS TRIPLETT,**

    Petitioner,

v.                                                     Civil Action No. 5:12cv140
                                                        (Judge Stamp)

**KUMA DEBOO, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On September 24, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241. Petitioner, a federal inmate housed at FCI Gilmer in Glenville, West Virginia, is challenging the validity of his conviction and sentence, imposed in the Western District of Pennsylvania. After a Notice of Deficiency was issued, petitioner paid his filing fee on November 5, 2012. This matter is pending before me for an initial review and Report and Recommendation pursuant to 28 U.S.C. §§1915, 1915A, and LR PL P 2.

### I. Factual and Procedural History

**A. Conviction and Sentence**

On February 16, 2010, petitioner was charged in a four-count indictment in the Western District of Pennsylvania as follows: Count One, possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1); Count Two, possession with intent to distribute less than five hundred grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)B)(C); Count Three, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1); and Count

Four, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)A)(i). (W.D.Pa. Dkt.# 14) (2:10cr30-AJS-1).

On September 1, 2010, petitioner pled guilty pursuant to a plea agreement[1] to Counts Two and Three. (W.D.Pa. Dkt.# 39)(2:10cr30-AJS-1). On April 1, 2011, he was sentenced to 188 months imprisonment; a 6-year term of supervised release; and a total special assessment of $200.00. (W.D.Pa. Dkt.# 52) (2:10cr30-AJS-1).

**B. Direct Appeal**

Petitioner did not appeal his conviction.

**C. §2255 Motion**

On July 21, 2011, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court.[2] (W.D.Pa. Dkt.# 58) (2:10cr30-AJS-1). By Memorandum and Order entered August 24, 2011, the District Court denied the §2255 motion because petitioner had waived his right to collateral attack, and declined to issue a certificate of appealability. Undeterred, petitioner moved in the 3rd Circuit Court of Appeals for the certificate of appealability. By Order entered February 2, 2012, the 3rd Circuit Court of Appeals denied petitioner's motion. (3rd Cir. Dkt.# 003110797700)(11-377).

**D. Other Collateral Proceedings**

---

[1] In the plea agreement, in addition to waiving his appellate rights, petitioner also expressly waived **"the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."** (W.D.Pa. Dkt.# 40 at 4) (2:10cr30-AJS-1)(emphasis added).

[2] Petitioner's §2255 motion argued that: counsel was ineffective for: failing to appeal the denial of his motion to suppress; advising him to plead guilty to avoid a career offender sentencing enhancement, which he received anyway; and for failing to file an appeal. Further, he asserted that the Court erred in denying his motion to suppress; his sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005); and the appellate waiver in the plea agreement was invalid**.** (W.D.Pa. Dkt.# 58) (2:10cr30-AJS-1).

On September 14, 2011, petitioner filed a *pro se* Motion to Alter Judgment, Motion to Make Additional Findings Pursuant to Fed.R.C.P. 52(b), 59(e) and 60(b) in the sentencing court. (W.D.Pa. Dkt.# 64) (2:10cr30-AJS-1). By Order entered on September 16, 2011, the motion was denied. (W.D.Pa. Dkt.# 65) (2:10cr30-AJS-1).

## II. Claims Raised by the Petitioner

Petitioner raises one ground for relief in his petition, averring that, based on intervening changes in law, he is actually innocent of violating 18 U.S.C. §922(g)(1), and thus he has been convicted of a nonexistent offense. As relief, petitioner requests that his conviction and sentence on Count Three be vacated.

Petitioner asserts that his remedy by way of §2255 is inadequate or ineffective because "(1) Section 2241(c)(3) is the statutory remedy for claims avering [sic] to the establishment of nonexistent offenses based on intervening change in law, and (2) Section 2241 allow [sic] for claims to be heard on their merits in the Court nearest to the prisoners [sic] confinement via U.S. Const. Ar. III, Sect. 2, CL.1." (Dkt.# 1 at 9).

## III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

3

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, his conviction and the imposition of his sentence. In particular, he alleges he is actually innocent of the §922(g)(1) firearms charge, because intervening changes in law have rendered it "nonexistent." However, petitioner's reliance on the Fourth Circuit law he cites to is inapposite, because he was convicted and sentenced in the Western District of Pennsylvania, in the Third Circuit. Moreover, petitioner cannot rely on Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), either. Carachuri-Rosendo is not "substantive law [that] changed" subsequent to petitioner's conviction; it was decided before petitioner was convicted.[4] Carachuri-Rosendo holds that "a prior conviction for a felony drug offense" is a conviction for which the defendant *could have been* sentenced to more than one year in prison. United States v. Simmons, 649 F.3d

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[4] Carachuri-Rosendo was decided on June 14, 2010, 2 ½ months before petitioner pled guilty and 9 ½ months before he was sentenced.

4

237, 242 (4th Cir. 2011) (en banc)(emphasis added) (quoting Carachuri-Rosendo, *supra*). Petitioner's apparent belief that Carachuri-Rosendo renders his prior felony convictions misdemeanors because he did not *serve* a full year for either of them, misunderstands how the sentencing guidelines apply. The guidelines only require the offence to be *punishable* for more than one year to qualify as predicate offenses. See U.S.S.G. § 4B1.2(a). The actual punishment petitioner received for his predicate career offender offenses is irrelevant.

Not only has petitioner failed to demonstrate that he was convicted of a nonexistent offense based on a retroactively applicable Supreme Court decision, the crimes to which the petitioner pled guilty and for which he was sentenced are still crimes. Therefore, even if the petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §922(g)(1) remains criminal offenses and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Further, petitioner's claims are also precluded by the waiver of collateral attack contained within his plea agreement. Moreover, because petitioner was not sentenced in this District, this Court is without jurisdiction to decide his claims.[5] Even if petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a second or successive federal habeas petition from the Third Circuit Court of Appeals, that Court would likewise be without authority to hear this case.[6]

---

[5] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[6] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 28, 2012**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 14, 2012.

> /s/ James E. Seibert
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE

---

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.