IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRANCE CURTIS TRIPLETT,

    Petitioner,

v.                                      Civil Action No. 5:12CV140
                                                           (STAMP)

KUMA DEBOO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On September 24, 2012, the pro se[1] petitioner, Terrance Curtis Triplett, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him 21 days to re-file. The petitioner thereafter filed his petition on the proper court-approved form. In attacking the validity of his conviction, the petitioner claims he is innocent of his firearms conviction pursuant to 18 U.S.C. § 922(g)(1). Specifically, the petitioner asserts that intervening changes in the law make him actually innocent of such violation. Therefore, he asserts that his firearms conviction should be vacated.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at FCI-Gilmer.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the petitioner did file timely objections. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Facts

On September 10, 2010, the petitioner, pursuant to a plea agreement, pled guilty to two counts of the indictment filed against him in the Western District of Pennsylvania. Specifically, the petitioner pled guilty to the charge of possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and to the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Based on his plea, the court in the Western District of Pennsylvania sentenced the petitioner to 188 months imprisonment,

with a six year term of supervised release. On July 21, 2011, the petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the Western District of Pennsylvania. The court denied the § 2255 motion because the petitioner, pursuant to his plea agreement, had waived his right to collaterally attack his sentence.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner objects to the report and recommendation as a whole, the magistrate judge's recommendation will be reviewed de novo.

## IV. Discussion

The magistrate judge's report and recommendation states that the petitioner failed to show that he is entitled to review under § 2241 because he has not satisfied the requirements set forth in In re Jones, 226, F.3d 328 (4th Cir. 2000). Specifically, the magistrate judge found that even if the petitioner satisfied two out of three of the Jones requirements, he cannot satisfy the second element of Jones because the crimes he was convicted of remain criminal offenses. Therefore, the magistrate judge concludes that because the petitioner attacks the validity of his conviction and sentence but fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a

3

§ 2241 petition. In his objections, the petitioner disagrees with the magistrate judge's determination and argues that the law has in fact changed, and thus he is entitled to review under § 2241.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

This Court agrees with the magistrate judge's finding that the petitioner has failed to establish the elements required by Jones. The second element requires that subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed

4

so as to make the conduct that the petitioner was convicted of not criminal. The petitioner argues that Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), changed the law and rendered him actually innocent of the firearms charge because he did not serve more than a year in prison for his prior conviction. Thus, he argues that he was not a felon in possession. The petitioner, however, misinterprets Carachuri-Rosendo. Carachuri-Rosendo "mandate[s] that prior state convictions must be classified on the basis of the maximum sentence which the particular defendant in question could have received under the applicable state sentencing scheme at the time of conviction." Latson v. O'Brien, No. 3:13-CV-28, 2013 WL 4400110 *6 (N.D. W. Va. Aug. 15, 2013). Here, petitioner was actually sentenced to 11½ months to 23 months imprisonment for his prior conviction of delivery of a controlled substance by the Court of Common Pleas of Allegheny County, Pennsylvania. Thus, such his sentence establishes that he was convicted of a crime punishable as a federal felony, as such crime was obviously punishable by imprisonment for more than one year. Accordingly, such case law did not render the petitioner actually innocent of the firearms charge and, therefore, the petitioner has not established the second element of Jones.

Even if the petitioner's argument on the merits were true, however, he still cannot show that he satisfies the second element of Jones, as the Carachuri-Rosendo decision that he relies upon was

5

decided on June 14, 2010 and the petitioner pled guilty to the firearms charge three months later on September 1, 2010 and filed his first § 2255 motion on July 21, 2011. Thus, Carachuri-Rosendo was not decided subsequent to his conviction, let alone subsequent to his first § 2255 motion, as is required to establish the second element in Jones.

The petitioner then argues in his objections to the report and recommendation that even if Carachuri-Rosendo was not decided subsequent to his conviction, this Court should consider the instant matter on its merits based on the Supreme Court decisions in Lafler v. Cooper, 130 S. Ct. 2577 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). Both Lafler and Frye dealt with issues concerning ineffective assistance of counsel. The petitioner asserts in his petition that his firearms conviction should be reversed, not because of ineffective assistance of counsel, but because of an intervening change of law. Thus, this Court need not consider the petitioner's arguments raised for the first time in his objections to the magistrate judge's report and recommendation, which were not presented in his original petition. See United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (finding an apparent waiver of the defendant's arguments waived for the first time in his objections); Purdie v. Graham, No. 9:09-CV0971, 2011 WL 940469 *4 (N.D. N.Y. Mar. 16, 2011) (citing Morales v. Santor, 94-CV-0217, 1995 WL 760625, at *2 (N.D. N.Y. Dec. 4, 1995)).

Lastly, in the petitioner's objections he requests that this Court transfer the petitioner's case to the Western District of Pennsylvania where he was originally sentenced, so he may assert his ineffective assistance of counsel claims with that district. This argument is without merit. Again, the petition in this matter does not assert any claims for ineffective assistance of counsel. Transferring this matter to Western District of Pennsylvania would not change this fact. Further, as stated above, the petitioner's claims actually asserted in his petition are without merit and thus, transferring his case to the Western District of Pennsylvania would be futile. Accordingly, the petitioner's objections are overruled.

V. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF No. 12) in its entirety. Further, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 22, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE